14-248-cr
*United States v. Atilano-Ruiz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand fourteen.

PRESENT:

ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

-v.- No. 14-248-cr

RAMON ATILANO-RUIZ,

*Defendant-Appellant*.

_____

RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York, Lisa M. Fletcher, Rajit S. Dosanjh, Assistant United States Attorneys (*on the brief*), Syracuse, NY, *for Appellee.*

1

LISA A. PEEBLES, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, James P. Egan, Research & Writing Attorney (*on the brief*), Syracuse, NY, *for Defendant-Appellant*.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the order of the district court is **DISMISSED** as moot**.**

On September 9, 2013, Defendant-Appellant Ramon Atilano-Ruiz pled guilty to one count of illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(1). At his January 7, 2014 sentencing hearing, the district court (Suddaby, *J.*) imposed a twelve-month prison sentence with no period of supervised release to follow. Atilano-Ruiz now challenges the substantive reasonableness of that sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

"Article III of the Constitution limits the judicial power of the United States to the resolution of cases and controversies." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 489 (2d Cir. 2009) (citing U.S. Const. art. III, § 2). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). Thus, "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case" as moot. *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005)) (internal quotation marks omitted).

We conclude, and Atilano-Ruiz concedes, that Atilano-Ruiz's appeal is moot because he has been released from prison and is not on supervised release. *See, e.g.*, *United States v. Williams*, 475

2

F.3d 468, 479 (2d Cir. 2007) (ruling that a sentencing appeal was moot because the appellant had been "release[d] from prison" and the district court could not "impose a reduced term of supervised release"). According to records from the Bureau of Prisons and Immigration and Customs Enforcement, Atilano-Ruiz completed his sentence on August 19, 2014 and was removed from the United States on September 2, 2014. A "post-release sentencing correction cannot alleviate injury that resulted from [an] earlier incarceration," and Atilano-Ruiz has not established another "continuing or imminent concrete injury" to invoke this Court's jurisdiction. *United States v. Ben Zvi*, 242 F.3d 89, 99 (2d Cir. 2001).

For the foregoing reasons, the appeal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk